Harry A. Brooks, Appellee, v. Paul Kniery and James Kniery, Appellants.

Gen. No. 8,457.

Opinion filed
April 14, 1931.

HILL & BULLINGTON, for appellant James Kniery. J. T. BULLINGTON, guardian *ad litem* for Paul Kniery; E. H. ROBINSON, of counsel.

MAJOR & MAJOR, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

In this case an appeal is prosecuted from a judgment for the sum of $2,412.50 rendered in the circuit court of Montgomery county jointly against the appellants Paul Kniery, minor son of James Kniery, and James Kniery, the father, in favor of the appellee Harry A. Brooks. The judgment was rendered in a suit by the appellee against the appellants to recover damages for personal injuries suffered by him as the result of an automobile collision which the appellee

charges was brought about by the negligence of the appellants.

The declaration filed in the cause makes the following averments concerning the negligence of the parties appellant: "That James Kniery, prior to November 16, 1929, purchased and became the owner of an automobile, took the same to his residence at Litchfield, Illinois, with the intention and for the purpose of the car being used by himself and his minor son, Paul Kniery, and other members of his family, as the family car, to be used for pleasure. That pursuant to such purpose, with the knowledge, consent and approval of the defendant, James Kniery, Paul Kniery, his minor son, and as a member of the family, did, prior to the date aforesaid, habitually use, operate and drive said automobile, pursuant to the purpose and intention for which said automobile was purchased; that on said day, while the automobile was owned by James Kniery, the said Paul Kniery, as a member of the family, did drive said automobile in a westerly direction over the highway Route 16 west of and near the City of Hillsboro; that the plaintiff was the owner of and driving an automobile in an easterly direction upon the same road west of the City of Hillsboro; that it was the duty of James Kniery, by and through Paul Kniery, as a member of his family, and was the duty of Paul Kniery, in his individual capacity to exercise reasonable care and caution in the operation of the automobile so as not to endanger or injure the plaintiff, and not damage his automobile, but the plaintiff avers that the defendant James Kniery, by and through Paul Kniery, as a member of his family, and by Paul Kniery in his individual capacity, so negligently and carelessly drove the automobile at such a high and dangerous rate of speed, and at a rate of speed that was greater than was reasonable and safe, having regard to the traffic and the use of the highway, and negligently and improperly operated said automobile

upon the wrong or left side of the highway, so that in meeting said automobile the car of the defendant was driven into and collided with the car of the plaintiff while the plaintiff was in the exercise of reasonable care for his own safety and for the safety of his automobile. By reason thereof the plaintiff was greatly bruised, hurt, wounded and disordered, and so remained for a long space of time, from thence hitherto.''

It was admitted by the appellant James Kniery upon the trial that the car which 'was driven by his minor son, Paul Kniery, ''was the only car he had driven since they got the car; and that Paul Kniery had been in the habit of driving it''; that the car belonged to James Kniery; and that Paul Kniery was in the habit of using it with the consent and knowledge of his father, James Kniery.

At the close of all the evidence, the appellant James Kniery made a motion that the jury be instructed to render a verdict finding the appellant James Kniery not guilty, which motion was denied. The refusal of the court to instruct the jury to find the appellant James Kniery not guilty. is assigned as error. It is apparent from the averments of the declaration and the admission in the record concerning the negligence of the appellant James Kniery, that the sole basis of his liability in that regard is that he was the father of Paul Kniery, who was his minor son aged 18 years and a member of his family; and that he was the owner of the car which was driven by Paul Kniery, his minor son, at the time of the collision; and that this car was purchased by him and for the use of the family and to be used by the members of the family for pleasure, and that Paul Kniery was in the habit of using it in that way with his consent; and was using it in that way at the time of the collision.

The question of the liability of the father for negligent acts of a minor son in the use of a car under the circumstances above indicated has been recently

clarified and distinctly settled by the Supreme Court in *White v. Seitz,* 342 Ill. 266. In that case the court said: "The question which this record presents for decision is whether a father who has provided an automobile for the use of his family is liable for damages caused by its negligent operation by his minor son, who was using it for his own pleasure with his father's consent. We answered that question in the negative in *Arkin v. Page,* 287 Ill. 420. We held in that case, in accordance with the universal rule of the common law, that a father is not liable for the tort of his minor child merely from the relationship, and that the liability of the father for an injury caused by his son's negligent operation of the father's automobile could rest only on the agency of the son, and though the decisions of the courts on this question have been in direct conflict, all courts agree that the liability, if any, must rest upon the relation of master and servant between the driver of the automobile and the owner. . . . We repudiated the doctrine that the mere ownership of an automobile purchased by a father for the use and pleasure of himself and family renders him liable in damages to a third person for injuries sustained through the negligence of his minor son while operating the automobile on a public highway in pursuit of his own business or pleasure, whether with or without his father's permission." Then the court, after discussing the points of law involved in several cases which had a bearing upon the question it was deciding, makes this the final statement, that the cases referred to establish the following propositions: "That a parent is not liable for the tort of his minor child merely from the relation; that the owner of an automobile who merely permits another to use it for his own purposes is not liable for the negligence of the person so using it; that the owner of an automobile is not liable for an injury occasioned by the negligent use of the machine by

his servant if the servant was at the time at liberty from the service of his master and not engaged in doing his master's business but was pursuing his own interests exclusively; and that the relation of master and servant is not established between the owner of an automobile and his minor son by the mere fact that the father purchased the machine for the pleasure of the family and that he permitted his son to use it for his own pleasure."

We conclude that under the limitations of liability defined, the appellant James Kniery cannot legally be held jointly liable with his minor son for negligence, if any, of the minor son, in using and driving the car in question, as charged in the declaration and shown by the evidence, in the foregoing decision, and that therefore the court should have sustained the motion to direct a verdict finding the appellant James Kniery not guilty, and the denial of the motion and the subsequent rendition of the judgment of joint liability was erroneous.

Judgment is therefore reversed and the cause remanded.

*Reversed and remanded.*